IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BETHANY BOARDWALK GROUP LLC,<br>*Plaintiff*,<br><br>v.<br><br>EVEREST SECURITY INSURANCE COMPANY,<br>*Defendant*. | Civil Action No. ELH-18-3918 |

**MEMORANDUM**

On December 19, 2018, plaintiff Bethany Boardwalk Group LLC ("Bethany") sued its casualty insurer, defendant Everest Security Insurance Company ("Everest"), seeking coverage for damages sustained by plaintiff's hotel during a windstorm. ECF 1 (the "Complaint"). Noting that the "case largely turns on contract interpretation of an insurance policy," and that the "operative facts are largely undisputed," the parties requested to proceed by way of pre-discovery cross-motions for summary judgment. ECF 25. Bethany's motion for partial summary judgment as to Everest's liability is at ECF 27. Everest filed a combined opposition to the motion and a cross-motion for summary judgment, docketed at ECF 28.

In a Memorandum Opinion (ECF 34) and Order (ECF 35) of March 5, 2020, I granted Bethany's motion in part and denied it in part. Specifically, I found that Everest is liable up to $250,000 for the losses that the hotel sustained due to interior water damage, minus the deductible, as well as for lost business income. ECF 35. However, I determined that Everest is not liable for the cost to repair or replace the hotel's roof because the roof was improperly installed, and those losses were excluded from coverage under the faulty workmanship exclusion in the insurance policy. *Id.* Because I concluded that Everest was liable to Bethany for some of the hotel's losses,

I denied Everest's motion for summary judgment. *Id.* The Court directed counsel to submit a status report by March 27, 2020. ECF 35, ¶ 3.

On March 27, 2020, the deadline for filing a status report, Bethany instead filed two motions: a "Motion for Partial Reconsideration," seeking modification of the Court's ruling of March 5, 2020 (ECF 36), and a "Motion For Leave to File An Amended And Supplemented Complaint." ECF 37 (collectively, the "Motion to Reconsider").[1]

Ordinarily, Everest's response to Bethany's Motion to Reconsider would be due by April 10, 2020. *See* Local Rule 105.2(a). However, in light of the COVID-19 pandemic, Chief Judge Bredar has extended certain filing deadlines. Specifically, the relevant Standing Order provides: "[A]ll filing deadlines, in all cases, originally set to fall between March 16, 2020, and June 5, 2020, are EXTENDED by eighty-four (84) days, unless 1) the presiding judge in an individual case sets a different date by an order issued after the date of this Order . . . ." *See In re: Court Operations Under the Exigent Circumstances Created by COVID-19*, Case 1:00-mc-00308, Standing Order 2020-07 (D. Md. Apr. 10, 2020).[2] As a result, Everest's response to the Motion is currently due on July 3, 2020.

On May 20, 2020, Bethany filed a "Motion To Require Response To Pending Motions." ECF 44 (the "Motion"). In the Motion, Bethany incorrectly advises that the Standing Order extends the filing deadline by "184 days," thereby making Everest's response to the Motion to Reconsider due by October 13, 2020. ECF 44, ¶ 4. According to Bethany, it "will be needlessly

---

[1] On April 23, 2020, Bethany filed a "Motion To Order Private Mediation," seeking to compel Everest to participate in private mediation. ECF 38. Everest filed an opposition on May 18, 2020. ECF 42. Two days later, Bethany withdrew its motion. ECF 43.

[2] On May 22, Chief Judge Bredar issued superseding Standing Order 2020-11. It does not, however, modify the Court's prior orders concerning filing deadlines set to fall between March 16 and June 5, 2020.

prejudiced by further delay," while Everest "will accrue no prejudice by having to respond within 14 days." *Id.* ¶ 8. Therefore, Bethany asks the Court to order Everest to respond to the Motion to Reconsider by June 3, 2020. *See id.* ¶ 8.

The World Health Organization declared COVID-19 a global pandemic on March 11, 2020. *See WHO Director-General's opening remarks at the media briefing on COVID-19*, WORLD HEALTH ORG. (Mar. 11, 2020), https://bit.ly/2Xp0sf1. The pandemic is the most serious public health crisis in this country since 1918. The virus is both highly contagious and fatal. *See Coronavirus Disease 2019 (COVID-19), How COVID-19 Spreads*, CTRS. FOR DISEASE CONTROL & PREVENTION (Apr. 2, 2020), https://bit.ly/2XoiDDh. As of May 21, 2020, the coronavirus has infected over 1.5 million Americans and caused nearly 95,000 deaths. *See COVID-19 Dashboard*, THE JOHNS HOPKINS UNIV., https://bit.ly/2WD4XU9 (last accessed May 21, 2020). To put that number into context, that is the equivalent of 260 Boeing 747 airplanes having fallen from the sky.

Because there is no vaccine or treatment for COVID-19, the only way to slow the spread of the virus is to practice "social distancing." *See Coronavirus Disease 2019 (COVID-19), How to Protect Yourself & Others*, CTRS. FOR DISEASE CONTROL & PREVENTION, https://bit.ly/3dPA8Ba (last accessed May 21, 2020). As a result, life as we know it came to a halt for a significant period. In some jurisdictions, businesses are beginning to reopen; in many others, however, schools and businesses remain shuttered. Across the country, courts have struggled mightily to perform essential functions, and have been inundated with petitions from pretrial detainees and prisoners seeking release in light of the pandemic. In the past 9 weeks, more than 38 million Americans have filed for unemployment. *See Unemployment Claims Amid Coronavirus: A State-by-State Analysis*, U.S. CHAMBER OF COMM. (May 20, 2020 9:00 a.m.),

https://bit.ly/2yn9IYs.  Many of those fortunate enough to be able to work remotely have had to juggle parenting duties with professional obligations.

Given the hardship that so many are experiencing, it is puzzling that Bethany seeks to expedite the response deadline in a case that involves an insurance dispute about a beachside property.  Bethany is the party that moved for summary judgment prior to discovery.  Now, unhappy with the Court's ruling, Bethany seeks to add new facts to the record to support its request for reconsideration of the Court's summary judgment ruling.  *See* ECF 36-1 (conceding that "[u]nfortunately" Bethany did not distinguish between different roof components in its Complaint or in its motion for summary judgment).  In sum, given the pandemic and myriad matters requiring urgent attention, it is difficult to justify Bethany's request to expedite.

All that said, the issues presented in the Motion to Reconsider are narrow: are there grounds to revisit the Memorandum Opinion of March 5, 2020, and, if so, is Bethany entitled to coverage for the cost to repair the hotel's TPO roof membrane?  It appears that Everest has already taken a position on Bethany's Motion to Reconsider.  *See* ECF 42 at 5 (characterizing the Motion to Reconsider as "untimely" and Bethany's arguments "unprecedented under Maryland law").  Further, any delay in resolving the Motion to Reconsider will only prolong this litigation, given that Bethany appears set on appealing this case to the Fourth Circuit.  *See* ECF 42-7 (4/21/2020 email from Bethany's counsel, Lawrence Gebhardt, Esq. to Everest's counsel, Daniel Lynn Esq.) ("In any event, this case will end up in the Fourth Circuit . . . .").

Therefore, in my view, it is unnecessary for Everest to wait until July to respond to the motion to reconsider.

An Order follows.

/s/
Ellen L. Hollander
United States District Judge